## SUPREME COURT—IN BANCO.

### JANUARY TERM—1877.

*Harris, Ch. J., Judd and McCully, J. J.*

H. A. WIDEMANN *vs.* HIS EX. J. M. KAPENA, MINISTER OF FINANCE,—SUBMISSION OF CONTROVERSY WITHOUT ACTION.

By Section 514 of the Civil Code, the Minister of Finance has authority to make general rules for the assessment and collection of taxes, but only in cases not provided for by law. He has not authority to relieve in any particular case of a hardship suffered under operation of the law and the general rules.

OPINION BY HARRIS, C. J.

The submission made in this case is very barren of facts, but we will take it into consideration as it is, and give the

views which we have arrived at. The submission reads as follows:

"The above named parties agree that a clearly erroneous assessment was made of said H. A. Widemann's taxable property in this kingdom for the year 1876, and that said assessment was not made known to said H. A. Widemann, in season for him to appeal as provided by statute. And that the said Minister of Finance is desirous to make an equitable abatement of said assessment, provided he has, under the law, discretionary power so to do, which is the question respectfully submitted for the decision of the Honorable Justices of the Supreme Court, without prejudice to the legal or equitable rights of H. A. Widemann in the premises."

The Section 490 of the Civil Code enacts that the assessors shall be appointed on or before the 1st day of July, and shall make a faithful assessment of all taxes imposed by law within their respect districts on or before the 1st day of September of each year.

The Section 502 provides that the Governor shall deliver to each tax collector a copy of the tax list for his district, and said tax collector shall proceed *immediately* to collect the taxes.

The Section 9th of the "Act to amend the law in relation to the assessment and collection of taxes" of 1860, enacts that during the months of September, October and November, the tax collectors shall deliver certificates of appeal to any person disputing the amount of assessment, and depositing the costs or otherwise as in the said sections and the succeeding sections provided.

The Section 14th of the act referred to above provides for a "Board of Appeal" and Section 15th enacts that the "Board of Appeal" shall sit on the first Monday of December of each year.

The manner of collecting the taxes is set forth in the 503 Section of the Civil Code, and is as follows:

" The said collector shall call on each tax-payer at his residence, or usual place of business, or otherwise give notice to the tax-payers to meet him at convenient points or settlements of the district in the months of September, October and November, to demand payment of the taxes assessed as aforesaid: and if any person shall neglect or refuse to pay his taxes, when so called upon or notified, until the last day of November, the tax collector may levy the same by distress upon so much of the goods and chattels of such person, as he may deem sufficient for the payment of taxes and expenses of collection, and sell the same upon the order of the District Judge or Police Magistrate, after a public notice of five days. In case no property can be found whereon to levy, then such person, if able-bodied, may, by sentence of said Judge or Magistrate, be compelled to discharge the amount of his tax by labor on the public roads or other public works, at the rate of twenty-five cents per day."

Thus it is apparent that it is intended that tax-collectors shall commence their labors in the month of September, and that a citizen has up to the last day of November in which to pay his taxes or appeal, and that he may not be distrained upon before the last day of November.

Now the submission says that in this case a clearly erroneous assessment was made, but it does not state whether Mr. Widemann gave in his own list as required by Section 492 or not; if he did not give in his own list then by said section he trusted himself to the discretion of the tax-assessor, and his assessment is binding upon all persons interested.

And again, the submission says that the assessment was not made known to Mr. Widemann in season for him to appeal, but the submission does not say whether or not the tax-collector called at his usual residence or place of business before the 30th day of November, or gave a public notice to meet him at some convenient point in the district before the 30th day of November, as is provided by the 503 Section, so that

if the Court was asked to afford relief themselves, they would not have sufficient foundation to proceed upon. But we are not asked to afford relief ourselves, but we are asked to adjudicate as to whether the Minister of Finance has the authority to afford relief, and upon this question we are referred to Section 514 of the Civil Code, which reads as follows:

"The Minister of Finance, with the consent of the King, shall have power, and it is hereby made his duty to prescribe all needful rules and regulations for the assessment and collection of taxes, in cases where no such rules and regulations are definitely made by law; provided, however, that the same shall not be in contravention of any existing statute, or inconsistent with the Constitution."

And it is suggested that a rule somewhat in this form might be made: "That where a tax-payer has made his return in compliance with the requirements of law in form and manner, unless the same is objected to or an approximate assessment made by the assessor and notice thereof given to the person thus assessed in ample time to enable him to appeal, then the return of said tax-payer in form and manner made by him shall be taken as conclusive, and the proceedings of the tax-assessor be disregarded."

This statute (Section 514) means that the Minister of Finance may make "general rules" and nothing else, and may make such rules only in cases not provided for by law.

But the Legislature has enacted that a citizen may have up to the 30th day of November, to make his appeal and no longer, and has likewise constituted a tribunal to try that appeal, which tribunal is not the Minister of Finance, and therefore the Minister of Finance can have no authority to abate taxes, and can make no rules by which taxes can be abated. Certainly he could make no general rule now, which would apply to a case already past.

It was suggested to us at the hearing of this case that every wrong has its remedy, and that it may be that unless

The Minister of Finance *v.* Bishop & Co.

this remedy is provided by the Court in this case there would be none.

We admit the force of the maxim, but cannot conceive, as at present advised, of any wrong contemplated by this submission in which the citizen asking relief, has not participated himself, which this Court is not competent to remedy, upon a proper showing.

J. M. Davidson for plaintiff.

Attorney General Hartwell for defendant.

Honolulu, March 9th, 1877.